JOHN EVANS, appellant, v. THE SCHOOL COMMISSIONER OF GREENE COUNTY, appellee.

*Appeal from Greene.*

To an action upon notes given to the School Commissioner of a County, it was pleaded, that the consideration was a sale by the Commissioner of a portion of the sixteenth section, and a conveyance thereof to the defendant; and that the consideration had failed in this, that the State had conveyed the title in fee to others, and the plea was demurrered to : *Held,* That the plea was bad, because it did not clearly show how the consideration had failed.

Every intendment in pleading, where the plea is uncertain, is mostly strongly against the pleader.

A plea of failure of consideration in notes given for the purchase of school lands, on the ground of a sale to others, should set out that no Patent had issued to the defendant prior to the Patents to others, and that the latter were not so issued to them to secure his title to them as his assignees.

The doctrine in regard to a plea of failure of consideration, as laid down in *Poole* v. *Vanlandingham,* Bre. 22, and *Bradshaw* v. *Newman,* Ib., 94, r-eaffirmed.

DEBT, in the Greene Circuit Court, before the Hon. Samuel D. Lockwood. The facts are briefly stated in the Opinion of the Court.

*J. J. Hardin* & *D. A. Smith,* for the appellant, relied upon the authority of the cases of *Mason* v. *Wait,* 4 Scam. 127, and *Gregory* v. *Scott,* Ib., 392, to support their plea of failure of consideration.

*W. Thomas,* for the appellee :

The error assigned in this cause, questions the correctness of the decision of the Court, sustaining demurrers to two amended pleas.

I. The first plea states, that the notes declared on, were made in consideration of a sale by the school commissioner of Greene county, of certain lots of land, parts of a sixteenth section, to the appellant; and that the school commissioner made no note or memorandum in writing of the sale, and therefore it is said, the consideration of the notes has failed, &c.

This plea is evidently bad.

1. Because the person making the sale was a public officer, and bound by the law to do his duty.   He was also the agent of both parties.   Story on Agency, 306; *The People* v. *Auditor,* 2 Scam. 570.

2. Because the Statute of Frauds does not apply to sales made by officers of the law.  *Attorney General* v. *Day,* 1 Vesey Sen. 220.

3. Because the statute only operates in favor of the party to be charged, upon the contract for the sale of the land; there is no attempt here to charge the vendor, or person making the sale; the purchaser cannot avail himself of a provision of law, intended for the protection of the vendor. Newland on Contracts, 171; 3 Johnson's Cases, 60.

The second plea states, that the consideration of the notes declared on, was the sale of parts of a sixteenth section, to the appellant, by the school commissioner of Greene county, and that before the commencement of this suit, to wit, on the 14th day of June, 1837, the lands sold as aforesaid, were granted by the State to one Weaver, and therefore the consideration has failed.

This plea is also bad.

1. Because the sale was made by a public officer, and there was no agreement, express or implied, on the part of the township, that a title should be made to the purchaser. The purchaser must look to the provisions of law under which the sale was made, for remedy.  *Doyle* v. *Knapp,* 3 Scam. 337; *Owings* v. *Thompson,* Ib. 508.

2. Because the contract of sale was executed, so far as the officer making the sale and the inhabitants of the township were concerned, or had authority to act in the premises. And the purchaser sustained the same relation to the inhabitants of the township, that he would have sustained to A., if he had purchased land of B., received a deed, and had executed notes for the purchase money to A. He cannot object to payment because of defect of title.

3. Because, although a Patent may have been issued as alleged in the plea, yet a previous Patent may have been issued and delivered to Evans, or he may be entitled to the land under his purchase, notwithstanding the subsequent Patent.

4. Because Evans may have assigned his certificates of purchase for the school lands, and the Patent may have been issued to the assignee. *The People* v. *The Auditor*, 2 Scam. 568.

5. Because the plea does not state any facts which may not exist, and still Evans may have received the full benefit of his purchase.

6. Because the plea does not show the existence of any facts upon, or by virtue of which, the Governor could lawfully issue a Patent to Weaver. If the purchaser could be relieved from the payment of the purchase money, upon the ground of a third party's obtaining a Patent for the land, subsequent to the purchaser, the plea ought to show such a state of fact as would authorize the issuing of such Patent by the Governor.

II. The facts presented in the pleas in this case are not such as to bring it within the operation of the rules pertaining to that class of cases, in which the inability to convey, or want of title in the vendor, may be pleaded in bar of the right to recover the purchase money.

1. Because the party entitled to the money in this case, has done all that can be required, all that ever was agreed on, and all that they are capable of doing. No default is alleged, and none could exist.

2. Because the contract was with the State, and not with an individual; no laches, or fraud, or wrong, can be imputed

to the State; no presumption can be indulged, of loss or injury to an individual, growing out of a contract with the State; the State can do no wrong, it never becomes insolvent, or refuses to do justice to a citizen.

3. The purchaser here stands in the position of a purchaser, who receives a deed without covenants of title; he must pay for the land, and risk the sufficiency of title; if the title fails, or if none ever existed, he loses by his own act; he is without remedy unless he can show fraud in the sale. *Owings* v. *Thompson*, 3 Scam. 508.

The Opinion of the Court was delivered by

Scates, J .In October, 1835, the School Commissioner of Greene county sold to Evans part of the sixteenth section, for which he gave the notes sued on, with security. To this declaration in *debt* he pleaded, that the consideration of the notes sued on, was a sale by the School Commissioner, and conveyance by the State by Letters Patent, of the title in fee to the lands; and that the consideration had failed in this,—that long before the institution of suit on the notes, the State had conveyed her title in fee by Letters Patent to Greene Weaver for one portion, and to J. W. Dunnahay for the remainder for a full consideration by them. A demurrer was sustained to this plea, and judgment *pro forma* entered; and this decision is assigned for error.

We are of opinion that the plea is bad. The principle settled in the case of *Mason* v. *Wait*, 4 Scam. 135, and *Gregory* v. *Scott*, Ib. 392, does not apply to the state of the case presented by this plea. The estate is the true consideration for the notes; but it was settled in the cases of *Poole* v. *Vanlandingham*, Bre. 22, and *Bradshaw* v. *Newman*, Ib. 94, that where a party sets up a failure of consideration, &c. he must show in his plea, how it failed. In attempting to do this here, he sets up that the State had conveyed to another. This may not defeat the title of the defendant, unless the sale to another was prior to his own. The law requires the School Commissioner to keep a book of his sales, and make returns to the Auditor. The defendant may, for any facts set forth

in his plea, have obtained a Patent prior to the other Patents; or may compel the Auditor by *mandamus* to issue a Patent to him; *The People*, ex. rel. *John Davlin* v. *The Auditor*, &c. 2 Scam. 567; and which, by uniting a prior equity and subsequent title in fee, may be sufficient to assure to him the estate as against the Patents mentioned in his plea. No one would contend, that a Patent issued by the executive officers of the State without any authority of law, or contrary to the provisions of law, would divest the title of the State, or her former grantee, and it would be as difficult to maintain, that, after the State had sold and conveyed by Patent in pursuance of law, that title could be affected or defeated by another voluntary Patent issued contrary to law. The law also authorizes an assignment by the purchaser of his certificate of purchase. If these Patents were issued to the assignees of the defendant, the consideration has been fully realized. Every intendment, where pleading is uncertain, is most strongly against the pleader. We would presume that the public officers had done their duty, rather than that they had violated the law, and the right of the party defendant. The defendant, having shown that he purchased before the emanation of these Patents to Weaver and Dunnahay, if we indulge a presumption, it will be that they had secured his interest, and the right from him, to have these Patents as assurances of it.

The defendant should have negatived both these facts, that no Patent had issued to him prior to their Patents, and that the Patents issued to them were not so issued to secure his title to them as his assignees. At least, the former is indispensable; for he undertakes to show a failure of the consideration, by showing that the State had parted with the title to others, but without showing that the State had not previously made him a good and effectual title. In either point of view, the plea is defective.

The judgment is affirmed with costs.

*Judgment affirmed.*